## SNEDIKER *vs.* PEARSON.

A party is not entitled to an injunction to stay proceedings, in a suit at law, upon an award, on the ground that the award was obtained by the fraud and corruption of the arbitrators, or that there never was any submission to them as arbitrators.

The defendant, in such a case, has a perfect defence at law to the suit upon the alleged award.

It is irregular to issue a general injunction ex parte, upon a supplemental bill, which injunction is to affect the rights of a defendant who has appeared in the original suit, by a solicitor.

The solicitor of the defendant who has appeared in the suit, is entitled to notice of the application for an injunction, upon a supplemental bill filed in such suit.

THIS was an appeal from an order of the late vice chancellor of the first circuit, denying the defendant's application to set aside an injunction for irregularity. The complainant filed his original bill to wind up the affairs of a copartnership, and to restrain further proceedings by the defendant in a court of law. The defendant set up as a defence, that the matters in difference had been submitted to arbitration by the parties, and that the arbitrators had made their award, in pursuance of such submission. The defendant having afterwards commen-

ced a suit upon the award, the complainant applied to the vice chancellor, ex parte, for leave to file a supplemental bill. And upon filing such bill, containing a general allegation that the award was corruptly, fraudulently, and illegally made, and that the defendant had commenced such suit at law thereon, the vice chancellor granted an ex parte injunction to restrain proceedings in the suit at law. The injunction, however, contained the usual clause, allowing the plaintiff in the suit at law to proceed to judgment.

*R. F. Winslow*, for the appellant.

*N. Hill, Junior*, for the respondent.

THE CHANCELLOR. The vice chancellor erred in allowing an injunction in this case; even if it was regular to allow it ex parte, after the defendant had appeared in the suit by a solicitor. For if the allegation in the supplemental bill was true, that the award was obtained by the fraud and corruption of the arbitrators, or that there never was any submissisn to them, as arbitrators, of the matters in difference between the parties, the complainant had a perfect defence at law to the suit upon the alleged award. And for that reason he was not entitled to an *injunction to stay* the proceedings in that suit, either before or after judgment.

The question for consideration here, however, is whether the issuing of the injunction without notice to the defendant was regular. The course to be pursued to obtain an injunction, upon a supplemental bill, which injunction is to affect the rights of a defendant who has appeared to the original bill by a solicitor, is pointed out in the case of *Bloomfield* v. *Snowden*, (2 *Paige's Rep.* 356.) It was there settled that it was irregular to issue a general injunction, ex parte, to continue until the defendant moved to dissolve the same, against a party who had appeared in the suit by a solicitor; and that he was entitled to notice of the application. According to the decision in that case, the injunction issued upon this supplemental bill was ir-

regular. There was no necessity, even for a temporary injunction, to restrain the defendant from proceeding until he could have a chance to be heard upon a regular notice of the application. The vice chancellor therefore should have set aside the injunction, as irregularly issued.

The order appealed from must be reversed, with costs. And the injunction must be set aside as irregularly issued, with the costs of the motion; which costs must be inserted and taxed in the same bill with the defendant's costs on this appeal.